UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHARON A. H.,[1]

|  |  |  |
|---|---|---|
|  | Plaintiff, | 5:20-cv-1014 (BKS/DEP) |

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

|  |  |
|---|---|
|  | Defendant. |

_____

**Appearances:**

*For Plaintiff:*
Melissa A. DelGuercio
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Daniel Tarabelli, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      INTRODUCTION

Plaintiff Sharon A. H. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security (the "Commissioner") finding that

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

Plaintiff, who was previously found to be disabled, was no longer disabled as of January 3, 2018. (Dkt. No. 1). This matter was referred to United States Magistrate Judge David E. Peebles for a Report and Recommendation. (Dkt. No. 25); N.D.N.Y. L.R. 72.3(d). On April 22, 2022, after reviewing the parties' briefs and Administrative Record,[3] (Dkt. Nos. 16, 21, 24), and holding oral argument, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed. (Dkt. No. 27). Plaintiff filed objections to the Report and Recommendation, and Defendant responded. (Dkt. Nos. 28, 29). For the following reasons, the Court adopts the Report and Recommendation in its entirety.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 16), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451

(S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in

the Report and Recommendation. (*See* Dkt. No. 27, at 2–14). The Court therefore adopts

Magistrate Judge Peebles's summary of the factual and procedural background and applicable

law, and presumes familiarity with those matters for the purposes of this decision. The Court also

adopts those aspects of the Report and Recommendation to which neither party has raised a

specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

### A.    Application of the Medical Improvement Standard

Plaintiff objects that the Report and Recommendation applied the wrong legal standard in

evaluating whether the administrative law judge ("ALJ"), David Romeo, properly determined

that medical improvement occurred. Plaintiff argues that the Report and Recommendation failed

to consider whether the ALJ "compare[d] the more recent medical evidence with that of the prior

determination and conclud[ed] that there has been a change indicating improvement," and

instead improperly considered whether the ALJ's "new" residual functional capacity ("RFC")

"allows for work activity." (Dkt. No. 28, at 2; *see* Dkt. No. 27, at 14, 16).[4] Defendant responds

that there was no error in the Report and Recommendation and that the ALJ properly compared

the "more recent medical evidence with that of the prior determination." (Dkt. No. 29, at 2

(citing Dkt. No. 28, at 2)).

To determine whether medical improvement has occurred, the ALJ must "compare the

current medical severity of the impairment to the medical severity of that impairment at the time

---

[4] Here, the comparison point decision ("CPD") was issued on March 20, 2015 by ALJ Bruce Fein. (R. 34; *see* R. 69–77).

of the most recent favorable medical decision." *Larena M. v. Comm'r of Soc. Sec.*, No. 20-cv-

1018, 2022 WL 768659, at *4, 2022 U.S. Dist. LEXIS 45038, at *10 (W.D.N.Y. Mar. 14, 2022)

(quoting *Veino v. Barnhart*, 312 F.3d 578, 586–87 (2d Cir. 2002)) (internal quotation marks,

brackets, and punctuation omitted). "To make this comparison, the ALJ must examine the

medical evidence that existed at the time of the initial disability determination and compare it to

the new medical evidence." *Id.* The Court agrees with Defendant and concludes that the ALJ

applied the proper legal standards in determining that "[m]edical improvement occurred on

January 3, 2018." (R. 36). ALJ Romeo explicitly followed the eight-step evaluation process for

determining whether a claimant continues to be disabled and, as Magistrate Judge Peebles noted,

he discussed "some of the evidence supporting th[e] finding" that medical improvement

occurred. (Dkt. No. 27, at 16; *see* R. 36). Specifically, and as most relevant to Plaintiff's

arguments, the ALJ noted that, upon examination at the time of the CPD, Plaintiff exhibited

"limited range of motion of her cervical spine." (R. 36). The ALJ contrasted that with Plaintiff's

examination in November 2017, when she had "full range of motion of the cervical spine" and

"full" strength in her upper extremities. (*Id.*). The ALJ's decision also cited treating provider

notes indicating that Plaintiff had full range of motion in her cervical neck and no tenderness. (R.

39 (citing R. 1143)). Thus, Plaintiff is incorrect that the ALJ engaged in *no* comparison of the

medical evidence from the two relevant time points. The Court agrees with Magistrate Judge

Peebles that the ALJ did articulate a finding of medical improvement and that the question here

is whether the ALJ "provided a sufficient explanation" for that finding. (Dkt. No. 27, at 15–16

(distinguishing *Richard L. v. Comm'r of Soc. Sec.*, No. 17-cv-443, 2018 WL 4522056, at *5,

2018 U.S. Dist. LEXIS 132650, at *17–18 (N.D.N.Y. June 26, 2018), *adopted in relevant part*

*by* 2018 WL 3727355, 2018 U.S. Dist. LEXIS 131452 (N.D.N.Y. Aug. 6, 2018), where the ALJ

"made no medical improvement analysis" or any "explicit finding of medical improvement")).

Accordingly, having reviewed Plaintiff's objection de novo, the Court rejects Plaintiff's

argument that the ALJ failed to apply the proper legal standards.

**B.      Whether the ALJ's Determination of Medical Improvement Is Supported by Substantial Evidence**

In the Report and Recommendation, Magistrate Judge Peebles reviewed the record

evidence and concluded that the ALJ's finding of "work-related medical improvement related to

plaintiff's use of her hands is well-supported by substantial evidence." (Dkt. No. 27, at 17; *see*

*generally id.* at 17–25).[5] Plaintiff first objects to Magistrate Judge Peebles's conclusion that "the

record as a whole from after the CPD reveals no objective" evidence that symptoms relating to

numbness or weakness in Plaintiff's hands persisted, arguing that the absence of evidence cannot

support a finding that Plaintiff had no such symptoms or that her symptoms improved. (Dkt. No.

28, at 3 (citing Dkt. No. 27, at 20)). Defendant responds that the Commissioner is "entitled to

rely not only on what the record says, but also on what it does not say." (Dkt. No. 29, at 3

(quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983))).

Plaintiff also objects that the Report and Recommendation acknowledged that the record

before ALJ Romeo did not "contain an updated opinion from Dr. Robinson or any other treating

provider" but did not adequately explain what opinion evidence the ALJ did rely on, and she

further objects that the ALJ improperly relied on the opinion of consultative examiner Kalyani

Ganesh, M.D. (Dkt. No. 28, at 3–4). Plaintiff argues that Dr. Ganesh's November 2017 opinion

---

[5] The Report and Recommendation concluded, based on a "comparison between the RFC in the CPD and the RFC set forth in ALJ [Romeo's] decision," that the "material improvement that impacted her ability to work occurred in connection with plaintiff's capacity to handle and finger, limitations which are pivotal to the performance of sedentary work." (Dkt. No. 27, at 16–17). The parties do not dispute this conclusion.

cannot support a finding of improvement because (1) the opinion is the same as Dr. Ganesh's opinion from September 2014, before the CPD; and (2) ALJ Fein "discounted" Dr. Ganesh's earlier opinion but ALJ Romeo "credited it." (*Id.* at 4). Defendant responds that an ALJ's conclusions need not perfectly correspond with a medical opinion and that the Report and Recommendation properly concluded that Plaintiff's argument regarding Dr. Ganesh's opinion was not substantiated. (Dkt. No. 29, at 3–4).

Reviewing Plaintiff's objections de novo, the Court concludes that substantial evidence exists in the record to support the ALJ's determination that Plaintiff experienced work-related medical improvement related to the use of her hands. Magistrate Judge Peebles discussed the record evidence both before and after the issuance of the CPD and accurately noted that the record "reveals no objective verification" that the symptoms related to Plaintiff's hands persisted, and "only a handful of instances where plaintiff even subjectively reported such symptoms to providers." (Dkt. No. 27, at 20); *see Dumas*, 712 F.2d at 1553; *Yucekus v. Comm'r of Soc. Sec.*, 829 F. App'x 553, 555–56 (2d Cir. 2020) (summary order) (finding that the ALJ "properly determined" that the plaintiff's conditions imposed only a minimal limitation "given the sparse references" to those conditions in the record). Treatment records prior to the CPD indicate that Plaintiff had paresthesia, weakness, and numbness in her hands. (*E.g.*, R. 825 (March 4, 2014 treatment note recording increased paresthesia in hands on testing and recommending Neurontin), 820 (March 24, 2014 treatment note recording "slight increased paresthesia" in her hands on testing and noting some improvement on the Neurontin), 817 (April 2014 treatment note recording "slightly positive" paresthesia in her hands and full motor function in both upper extremities)). In February 2015, Dr. Robinson noted that Plaintiff "has done well following her neck surgery," that she "still has some difficulty using her hands at

times and some hand numbness," and that they agreed Plaintiff did not need to come back for

further consistent treatment. (R. 1231).[6] After the CPD, in late 2015 and in 2016, Plaintiff's

treatment notes do not report abnormal findings related to her neck or hands, and Plaintiff did not

report hand symptoms. (*E.g.*, R. 1033–34 (September 2015 visit where Plaintiff reported taking

gabapentin for neuropathic pain but neck was "[n]ormal to inspection"), 1037–38 (November

2015 exam with normal results for neck and upper extremities); *see also* R. 1040–41, 1048,

1051, 1054 (similar normal exam results from January, May, and July 2016)).[7] At Dr. Ganesh's

November 2017 examination of Plaintiff, Plaintiff reported "some tingling and numbness in the

fingertips" which at times throbbed. (R. 1122). Plaintiff's cervical spine showed "full flexion,

extension, lateral flexion bilaterally, and full rotary movement bilaterally." (R. 1124). Further,

and as the ALJ noted in his decision, Dr. Ganesh found Plaintiff had full range of motion in her

shoulders, elbows, forearms, and wrists bilaterally; intact hand and finger dexterity; and full grip

strength bilaterally. (*Id.*; *see* R. 37 (citing 1124)). Thus, there is substantial evidence in the record

supporting the determination that Plaintiff experienced medical improvement in relation to her

hand impairment.

Moreover, while Plaintiff suggests that the ALJ was required to rely on opinion evidence

indicating a change in her level of impairment to make a finding of medical improvement, (Dkt.

No. 28, at 3–4), she provides no authority to support that position. An ALJ is not required to

adopt findings that correspond perfectly with the opinion evidence. *See Matta v. Astrue*, 508 F.

App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ is "entitled to weigh all of the

---

[6] While this treatment note predates the CPD, it was not part of the record considered by ALJ Fein in issuing that decision and was relied on by ALJ Romeo in rendering his decision. (R. 36–37).

[7] Plaintiff had similarly normal physical exams at office visits in 2018 and 2019, after the date of medical improvement but before the issuance of the ALJ's decision. (*See* Dkt. No. 27, at 20).

evidence available to make [a] finding that [i]s consistent with the record as a whole, and his

conclusion need not "perfectly correspond with any of the opinions of medical sources"). And, as

Magistrate Judge Peebles noted, the lack of an updated medical opinion from any of Plaintiff's

treating providers does not create a gap in the record which the ALJ was obligated to develop,

given the "lack of verification of any ongoing hand symptoms." (Dkt. No. 27, at 21 (citing *Sarah

C. v. Comm'r of Soc. Sec.*, No. 19-cv-1431, 2021 WL 1175072, at \*10, 2021 U.S. Dist. LEXIS

58835, at \*30 (N.D.N.Y. Mar. 29, 2021))).

Finally, the fact that the ALJ gave "some weight" to Dr. Ganesh's November 2017

opinion—even though ALJ Fein gave Dr. Ganesh's September 2014 opinion "little" weight in

the CPD—does not mean that the ALJ's determination is not supported by substantial evidence.

(*See* Dkt. No. 28, at 4). Plaintiff's objection to the ALJ's reliance on Dr. Ganesh's November

2017 opinion is a reiteration of an argument Plaintiff made in her initial brief before Magistrate

Judge Peebles. (*Compare id.*, *with* Dkt. No. 21, at 21–22 (arguing that the ALJ did not explain

"why Dr. Ganesh's opinion, which was once discounted as being a one-time examination,

unworthy of weight, provided any insights into Plaintiff's supposed level of improvement")). As

it is nothing more than "a rehashing of the same arguments" set forth in the original submission,

the Court has only reviewed it for clear error, and finds none. *Ortiz*, 558 F. Supp. 2d at 451.

Accordingly, the Court agrees with the Report and Recommendation that the ALJ's

finding of work-related medical improvement was supported by substantial evidence.

IV.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 27) is **ADOPTED** in its

entirety; and it is further

9

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: <u>July 21, 2022</u>
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge